**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| DENVER BOULDERING CLUB, LLC, ) | Case No. 25-14161 TBM |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |

**NOTICE OF MOTION TO APPROVE RETAINER FOR WADSWORTH GARBER WARNER CONRARDY, P.C. AS COUNSEL FOR THE DEBTOR-IN-POSSESSION**

**OBJECTION DEADLINE: JULY 17, 2025**

YOU ARE HEREBY NOTIFIED that Denver Bouldering Club, LLC ("Debtor"), the debtor-in-possession in the above-captioned matter, has filed a *Motion to Approve Retainer for Wadsworth Garber Warner Conrardy, P.C. as Counsel for the Debtor-in-Possession* (the "Motion") with the Bankruptcy Court and requests the following relief: an Order approving a prepetition retainer.

At the commencement of the representation, Debtor provided Wadsworth Garber Warner Conrardy, P.C. ("WGWC") with a $21,738.00 retainer. The retainer was paid by Debtor. Prior to the filing of the bankruptcy, WGWC provided general representation in addition to pre-bankruptcy planning services to Debtor. From the date of its employment through the commencement of the case, WGWC billed Debtor $2,985.00 in attorneys' fees and $1,738.00 in costs for bankruptcy-related services. WGWC was paid in full for such fees and costs from the prepetition retainer provided to the firm by Debtor. As of the commencement of the case, WGWC was holding the balance of the retainer of $17,015.00. WGWC asserts a security interest in the retainer. In the event the case is converted to a Chapter 7 proceeding, the security interest may enable WGWC to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to Debtor. To the best of Debtor's knowledge, there are no liens or interests in the retained funds other than the security interest claimed by WGWC.

If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

DATED July 3, 2025.          Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ David J. Warner*
David J. Warner, #38708
2580 West Main Street, Suite 200
Littleton, Colorado 80128
303-296-1999 / 303-296-7600 FAX
dwarner@wgwc-law.com
Proposed attorneys for the Debtor-in-Possession