## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| DENVER BOULDERING CLUB, LLC, | )  Case No. 25-14161 TBM |
| | )  Chapter 11, Subchapter V |
| | ) |
| | ) |
| Debtor. | ) |

## INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL

THIS MATTER comes before the Court on the *Motion Seeking Expedited Entry of Orders and Notice of Impending Hearing Thereon* (the "Motion") and the Affidavit of Thomas Betterton in support thereof. The Court, having read the Motion and having conducted a hearing on _____, 2025, and being fully advised of the premises, notice of the Motion having been given in accordance with L.B.R. 2081-1, and it appearing that the relief requested in the Motion is in the best interests of Debtor and its estate, its creditors, and other parties in interest, hereby (i) grants the relief requested in the Motion to prevent immediate and irreparable harm to Debtor's estate and to facilitate the reorganization of Debtor's business, and (ii) finds as follows:

### RECITALS

A. Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on July 3, 2025.

B. This Court has jurisdiction over this proceeding and the parties and property affected thereby pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of the Motion constitutes a core proceeding as defined in §§ 157(b)(2)(A), (K), (M), and (O).

C. Counsel for Debtor has represented that sufficient and adequate notice of the Motion and the hearing thereon was provided pursuant to Fed.R.Bankr.P. 2002, 4001(b), 9006, and 9014, L.B.R. 2018-1 and 4001-3, and 11 U.S.C. §§ 361 and 363.

D. Certain secured creditors (collectively, the "Secured Parties") assert that they have valid, perfected security interests in Debtor's receipts, receivable, accounts, and general intangibles. Debtor disputes the claims of certain of the Secured Parties.

E. The Secured Parties claim an interest in Debtor's current cash and future receipts including, but not limited to, all the funds identified in the Budget attached to the motion as Exhibit 1 (the "Cash Collateral"). The Budget covers the time period from July 2025 through December 2025.

F. Debtor asserts that it needs to use the Cash Collateral in order to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with vendors, suppliers, and customers, to make payroll, and to satisfy other working capital needs. Debtor further claims that the ability of Debtor to obtain sufficient working capital and liquidity through the use of Cash Collateral is vital to the preservation and maintenance of the going concern value of Debtor.

Accordingly, the Court orders as follows:

1. The Motion, as it pertains to the interim use of Cash Collateral, is hereby GRANTED.

2. Debtor is authorized to use cash collateral pursuant to the Budget attached as Exhibit 1 to the Motion through the date of the final hearing.

3. To the extent that any party possesses a properly perfected security interest or ownership interest in "cash collateral," as that term is defined in § 363(a), as adequate protection for Debtor's use of cash collateral:

    a. Debtor shall provide such party with a replacement lien on the proceeds of all postpetition assets to the extent that the use of cash collateral results in a decrease in the value of such party's interest in the cash collateral pursuant to § 361(2);

    b. Debtor shall maintain adequate insurance coverage on all personal property assets and adequately insure against any potential loss;

    c. Debtor shall provide periodic reports and information filed with the Court, including debtor-in-possession reports;

    d. Debtor shall only expend cash collateral pursuant to the Budget attached as Exhibit 1 to the Motion subject to reasonable fluctuation by no more than 15% for each expense line item per month; and

    e. Debtor shall pay all postpetition taxes.

The Court shall conduct a final hearing on Debtor's request for use of cash collateral on _____, 2025, at __:__ _.m. Objections shall be filed on or before _____, 2025. Debtor shall promptly mail copies of this Interim Order to the parties entitled to notice under the applicable Fed.R.Bankr.P. and L.B.R., and shall give notice of such final hearing and objection deadline in accordance with Fed.R.Bankr.P. 4001(c)(1)–(3).

DATED this ____ day of _____, 2025.

BY THE COURT:

_____
Hon. Thomas B. McNamara
United States Bankruptcy Judge